**Nancy Louise HAYS, Appellant,**

**v.**

**James A. HAYS, Appellee.**

Court of Appeals of Kentucky.

March 26, 1971.

child and in awarding her custody to her father; and (2) that the judgment awarding custody should be reversed for failure of the trial court to make findings of fact and conclusions of law pursuant to CR 52.-01.

■ We discuss the questions presented in reverse order to that listed above by observing that in a joint motion of the appellant and the appellee they specifically waived the preparation and filing of findings of fact and conclusions of law in the following clear, direct, and unambiguous language:

"Jointly moves this Court to prepare and enter said order without the preparation or filing of the findings of fact and conclusions of law and an opinion,

"And the preparation and filing of said findings of fact are hereby specifically waived."

True, the appellant filed a motion for findings of fact and conclusions of law along with her motion for a new trial, but this was after the judgment and came too late. A litigant should not be allowed to play games with the court.

■ Both parties to this appeal suggest that it is not necessary for this court to read the entire record, which consists of about 1300 pages of typewritten evidence. However, we have scrutinized that part of the record to which we have been referred by the parties with the view of trying to determine whether or not there was an abuse of discretion by the trial court in awarding the custody of the child in question to the appellee. The following brief facts lead us to conclude that there was no abuse of discretion.

The parties were married in 1962. Appellant worked for a bank in Louisville, Kentucky, and appellee worked for another bank also in Louisville. After the parties separated and the appellant moved out into another apartment, a male friend of appellee, a divorcee with three children, assisted

Joseph R. Wilson, R. D. McAfee, Marvin E. Jewell, Louisville, for appellant.

Arthur R. Smith, Jr., Jack M. Lowery, Jr., Louisville, for appellee.

EDWARD P. HILL, Jr., Judge.

This appeal questions the propriety of a judgment awarding to appellee the custody of the only child of the parties, a girl now about 7 years of age.

It is argued by appellant that (1) the chancellor abused his discretion and was clearly erroneous in refusing to award the appellant, the mother, the custody of the

her in moving. There was considerable evidence showing that the appellant kept company with this man down to the date of the last evidence in this case; that he took the appellant and the child to Tennessee; that they stayed together in a motel over night; that he had stayed all night in her apartment; and that according to the testimony of this man, he expressed a fondness for the appellant and intended to ask her to marry him. There was also evidence that appellant showed little interest in and considerable neglect of the child; that she was ambitious to promote her position with the bank; and that she would frequently leave the bank and not report at home until late at night or the wee hours of the morning. We could go on, but these circumstances, we think, demonstrate that the chancellor did not abuse his discretion on the custody question.

The judgment is affirmed.

All concur.